**James W. WILLIAMS, Plaintiff,**

v.

**Patricia Roberts HARRIS, Secretary, United States Department of Health and Human Services, Defendant.**

**No. C–C–79–328.**

United States District Court, W. D. North Carolina, Charlotte Division.

Nov. 17, 1980.

George L. Fitzgerald, Charlotte, N. C., for plaintiff.

Wayne C. Alexander, Asst. U. S. Atty., Charlotte, N. C., for defendant.

ORDER

McMILLAN, District Judge.

Plaintiff James W. Williams seeks review of a decision by the Secretary of Health and Human Services denying him social security disability benefits and supplemental security income (SSI). For the following reasons, the Secretary's decision is vacated and this action is remanded.

Plaintiff is a 41–year–old male with an eleventh grade education. He has been employed in the past by welding companies and glass installation companies and in the textile industry, in jobs which involved a great deal of standing, bending, lifting and reaching. He alleged a disability beginning on January 9, 1978, due to an on–the–job injury resulting in a painful back and neck condition. Plaintiff was not represented by counsel during the administrative process, and he waived his right to a hearing. Hence the administrative law judge based his decision solely on documentary evidence.

In his opinion of June 13, 1979, the administrative law judge found that medical evidence established that plaintiff has neck and back problems which prevent him from returning to any of his former occupations, which involved heavy work. However, he found, without any vocational testimony or evidence, that plaintiff has the residual functional capacity to engage in light or

medium work. The administrative law judge's decision with respect to plaintiff's residual functional capacity for employment was not based on substantial evidence.

 Once plaintiff has shown that he is unable to return to his customary employment, as the administrative law judge determined here, the burden of going forward with substantial evidence shifts to the Secretary to establish that plaintiff has sufficient residual capacity to engage in a specific job which exists in the national economy. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). The administrative law judge attempted to meet this burden by invoking the Social Security Regulations at 20 C.F.R. § 404, Subpart P, Appendix II, and 20 C.F.R. § 416, Subpart I, Appendix II. The administrative law judge's attempt to prove that plaintiff is not disabled through administrative notice of the regulations falls short of the Fourth Circuit's requirement that "an independent vocational expert [is] necessary to provide specific evidence of claimant's capacity to perform substantial gainful work which exists in the national economy." *Wilson v. Califano*, 617 F.2d 1050, 1053 (4th Cir. 1980). (The *Wilson* court further stated that an administrative law judge is not qualified to provide affirmative vocational evidence. "Such evidence, rather, should be provided by persons who have, through training and experience in vocational counseling or placement, an up-to-date knowledge of job requirements, occupational characteristics and working conditions, and a familiarity with the personal attributes and skills necessary to function in various jobs." Id.) The Social Security Regulations cited by the administrative law judge, commonly known as the "grids," may serve as a guide in determining whether claimants are disabled within the meaning of the Social Security Act, but they are not an adequate substitute for expert vocational testimony where the Secretary seeks to show the existence of jobs which claimants could perform.

 The administrative law judge's decision is flawed in two other respects. First, its language stating that "[t]he credi-ble evidence of record does not establish the presence of pain of a disabling severity or frequency" is inappropriate in a case where the administrative law judge heard no witnesses. The administrative law judge relied solely on documentary medical evidence, and he arbitrarily gave more weight to some reports than to others. For example, the administrative law judge specifically discounted a later report from one of plaintiff's treating physicians, Dr. Eugene Hamer, who stated that plaintiff was unable to work due to cardiac arrythmia and pain in his neck and low back area, but he cited approvingly an *earlier* report by Dr. Hamer which indicated an opinion that plaintiff would be able to return to work in three months! The administrative law judge also failed to acknowledge medical records from an examining physician, Dr. Donald G. Joyce, which stated that plaintiff was disabled from any occupation. The administrative law judge must consider all the evidence before him, and is in no superior position to make inferences about the credibility of evidence where no one testified before him.

 In addition, the administrative law judge cited the physical capacities evaluation completed by a state agency physician as a basis for his finding that plaintiff is capable of engaging in light or medium work. That evaluation was made by a physician who never examined or even saw plaintiff. It therefore has little weight in determining what types of work, if any, plaintiff could perform.

IT IS THEREFORE ORDERED that the decision of the Secretary is vacated and the case is remanded for proceedings consistent with this opinion, including the opportunity for plaintiff to present oral evidence at an administrative hearing.