Catherine SANTISE, Plaintiff,

v.

Patricia Roberts HARRIS, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 80–131.

United States District Court, D. New Jersey.

Nov. 17, 1980.

Yacker, Granata & Cleary, P. C. by Louis E. Granata, Matawan, N. J., for plaintiff.

William W. Robertson, U. S. Atty. by Judy Sello, Asst. U. S. Atty., Newark, N. J., for defendant.

## OPINION

HAROLD A. ACKERMAN, District Judge.

This is an action brought under § 205(g) of the Social Security Act, as amended (the Act), 42 U.S.C. § 405(g), to review a final determination of the Secretary of Health, Education and Welfare (H.E.W.),[1] which denied Catherine Santise's application for disability benefits. The plaintiff has exhausted all of the necessary administrative proceedings and the H.E.W. Appeals Council held on November 8, 1979, that the decision of the Administrative Law Judge (A.L.J.)

rendered on July 31, 1979, was correct and represented "the final decision of the Secretary." (T.2).

The A.L.J. concluded that Ms. Santise was not disabled through his application of the grid system for finding disability established by H.E.W. regulations that went into effect on February 26, 1979. 20 C.F.R. § 404.1513 and 20 C.F.R. Subpart P., Appendix 2. These regulations require an A.L.J. to reach findings of fact as to four specific aspects of a claimant's case, namely residual functional capacity, age, education, and previous work experience. After finding facts as to these four items, the A.L.J. must line his conclusions up on the appropriate grid and if he finds an exact match then the grid tells him whether the claimant is disabled or not disabled. It is only when an exact match cannot be found on the grids than an A.L.J. may consider other factors and reach his own conclusion on the issue of disability. 20 C.F.R., Subpart P., App. 2 § 200.00. In the present case the A.L.J. fit four of his factual conclusions into the grid, found an exact match and therefore reached the conclusion mandated by the grid that Ms. Santise was not disabled. Although this issue was not raised by the parties, I have concluded that this mechanistic approach to disability decisions is not in accordance with the Act and that H.E.W. may not rely on its grids in reaching a determination of no disability. Accordingly, I have ordered a remand for further proceedings.

For the purposes of this decision I have assumed, without deciding, that the A.L.J.'s conclusions are properly based on "substantial evidence." See *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The following factual conclusions reached by the A.L.J. are relevant to my decision:

5. The claimant is unable to perform her past relevant work as a nurse. This work was at least semi-skilled.

---

1. Subsequent to the filing of this suit H.E.W. was reorganized into the Department of Health and Human Services and the Department of Education. This change has no effect on this case, and I have retained the use of H.E.W. in order to be consistent with the captions on the original pleadings.

6. The claimant has the residual capacity for light work as defined in Regulation No. 4, Section 404.1510(c).

7. The claimant is 28 years old, which is defined as a "younger individual".

8. The claimant has above a high school education.

9. Section 404.1513 and Rule 202.21 Table No. 2 of Appendix 2, Subpart P., Regulations No. 4 direct that the claimant, considering her maximum sustained work capability, age, education and work experience, be found "not disabled."

(A.L.J.'s *FINDINGS*, T.12). Finding No. 9 correctly incorporates the conclusion mandated by the H.E.W. regulations and grids when it is assumed that the factual conclusions contained in findings 5–8 are correct. It is easily seen that the analysis employed by the A.L.J. differs from the analysis required by decisions of the Third Circuit which explicate H.E.W.'s obligations under the Act. *See Livingston v. Califano*, 614 F.2d 342, 345 (3d Cir. 1980); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979); *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979). In *Livingston v. Califano* the Third Circuit wrote that once a claimant has established a prima facie case of disability by showing an inability to perform her previous work, as Ms. Santise did in the present case, "there is no doubt that the Secretary must establish [by substantial evidence] that the claimant has the ability to engage in substantial gainful employment activity." *Livingston v. Califano*, 614 F.2d at 345. One recent decision has gone as far as to hold that the burden of proof actually shifts to the Secretary to show that the claimant has the ability "to perform specific jobs that exist in the national economy." *Rossi v. Califano*, 602 F.2d at 57. It is clear under the cases that the Secretary must, at least, come forward with evidence relating to the individual claimant and that claimant's ability to work. *Livingston v. Califano*, 614 F.2d at 346–47. Moreover,

The cases demonstrate that, consistent with the legislative purpose, courts have mandated that leniency be shown in establishing the claimant's disability, and that the Secretary's responsibility to rebut it be strictly construed. We declared in *Hess* [*v. Secretary of H.E.W.*, 497 F.2d 837 (3d Cir. 1974)], that "[a]lthough the burden is upon the claimant to prove his disability, due regard for the beneficent purposes of the legislation requires that a more tolerant standard be used in this administrative proceeding than is applicable in a typical suit in a court of record where the adversary system prevails." 497 F.2d at 840.

*Dobrowolsky v. Califano*, 606 F.2d at 407. To put it simply, H.E.W.'s reliance on a grid, drawn in advance to cover a wide variety of individual cases, does not satisfy its obligation of basing its conclusion on substantial evidence. An abstract chart in a reference book, keyed to only four factors, does not provide the claimant with the individualized consideration of the facts of her own particular case that she is entitled to under the Act. Nor can a chart be cross-examined, nor can the claimant do anything to rebut it. An A.L.J. is required by the regulations to decide in accordance with the chart. 20 C.F.R. § 404.1513. As a student commentator has recently written in another context:

Rigidity provides uniformity, but uniformity does not necessarily provide justice. Situations which appear similar usually contain some unique characteristics. Decision making done in accordance with a rigid adherence to rules cannot take these differences into account. When the unique characteristics of a particular situation alter the effect of a decision in some fundamental way, rigid application of a rule creates injustice.

Note, *Sentencing Women: Equal Protection in the Context of Discretionary Decisionmaking*, 6 *Women's Rights L.Rep.* 85, 94 (1980). I am satisfied that the Act does not permit the A.L.J. to determine the ultimate fact of whether a claimant is disabled through a rigid adherence to H.E.W.'s grid.

"Although an agency's interpretation of the statute under which it operates is entitled to some deference, 'this defer-

ence is constrained by our obligation to honor the clear meaning of a statute, as revealed by its language, purpose and history.'" *Southeastern Community College v. Davis,* 442 U.S. 397, 411, 99 S.Ct. 2361, 2369, 60 L.Ed.2d 980 (1979) *quoting Teamsters v. Daniel,* 439 U.S. 551, 566 n.20, 99 S.Ct. 790, 800 n.20, 58 L.Ed.2d 808 (1979). Here the newly promulgated regulations are at odds with the established judicial interpretation of the Act, which requires individualized treatment of each claim. *See, e.g., Dobrowolsky v. Califano, supra.* In the present case the A.L.J. did not even have the benefit of a vocational expert's report in making his decision. Prior to the promulgation of the new regulations it had been held that lack of a vocational expert's report was in and of itself a sufficient basis for remand to H.E.W. *Garrett v. Richardson,* 471 F.2d 598 (8th Cir. 1972); *Alvarez v. Califano,* 483 F.Supp. 1284, 1288 (E.D.Pa.1980). I am not holding that lack of such a report requires remand. I believe, however, that the fact that the A.L.J. in the present case was able to reach an opinion in accordance with H.E.W.'s grid, without any need to even consider the subject matter that a vocational expert might testify to, is indicative of the change in law rather than procedure that the grid represents.

It is in this regard that I must express my disagreement with the only other case that my research could discover that rules on the validity of these regulations, *Stallings v. Harris,* 493 F.Supp. 956 (W.D. Tenn.1980). In *Stallings,* Judge Wellford considered both statutory and constitutional objections to the new grids. He held that the regulations were both authorized by the Act and constitutional. Because I disagree with his reading of the Act and the cases interpreting it, it is unnecessary for me to consider Judge Wellford's constitutional views. Judge Wellford held that the new regulations are authorized by § 205(a) of the Act, 42 U.S.C. § 405(a). That section provides that

The Secretary shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this title, which are necessary or appropriate to carry out such provisions, and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder.

To my view the new regulations go beyond the bounds of this statutory authorization, i. e., they are "inconsistent with the provisions of this title," because they are contradictory to the plain language and meaning of § 223(d)(2)(A) of the Act, 42 U.S.C. § 423(d)(2)(A). That section provides that a claimant

shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot considering his age, education, and work experience engage in any other kind of substantial gainful work which exists in the national economy . . . .

This section clearly places the job of determining as a matter of fact whether a claimant is capable of retaining "substantial gainful work" on the A.L.J.'s shoulders. H.E.W.'s grid, in contrast, requires the A.L.J. not to make that key statutory factfinding, rather the grid requires the A.L.J. to determine the claimant's "residual functional capacity," age, education, and previous work experience. The A.L.J.'s job is then finished as the grid decides the "fact" of whether the claimant is capable of retaining "substantial gainful work." Simply put, the human function of judging cannot be replaced by robotized resort to a grid. It is my conclusion that the Act requires that when a claimant is denied disability benefits that denial must be the product of individualized fact finding based on substantial evidence in the record. H.E.W.'s new grid system is inconsistent with that principle and accordingly it may not be relied upon in denying benefits to a claimant.

278

Judge Wellford found some support for his view of the statute in Congressional documents which suggest that legislative revision of the Act was deferred to allow Congress to study the effects of the new grid. Inaction of Congress, however, cannot change the meaning of a statute. If Congress wants to amend the Act, it must do so. Its silence, however, cannot authorize H.E.W. to change the meaning of the Act.

As a final note I would like to state that nothing in this opinion is intended to cast a question upon the correctness of the recent decisions in *Irwin v. Harris,* 627 F.2d 1090 (6th Cir. 1980); *Parker v. Harris,* 626 F.2d 225 (2d Cir. 1980); and *Hicks v. Califano,* 600 F.2d 1048 (4th Cir. 1979). Those decisions indicate that H.E.W. must grant disability benefits to all who qualify for them in accordance with the grid. These cases appear analogous to those which require H.E.W. to award disability benefits when a claimant suffers from one of the conditions listed at 20 C.F.R. Subpart P., Appendix 1. *See e. g., Livingston v. Califano,* 614 F.2d at 345–46. The cases simply hold that when H.E.W. regulations require a conclusion of disability an A.L.J. is not free to disagree. None of them consider whether the grid provides a sufficient basis for the denial of benefits. I believe that the questions raised by the possibility that H.E.W.'s regulations are unduly generous in mandating a conclusion of disability are considerably different from those raised by the present case wherein H.E.W.'s regulations are unduly restrictive. It is, therefore, unnecessary to consider that problem. Moreover, adherence to those decisions will in no way contradict the result in this case. H.E.W. may continue to rely on the grid in granting benefits, it simply may not do so in denying benefits.

An order remanding this case to H.E.W. for further proceedings in accordance with this Opinion has been filed.