**Edward STEWART, Plaintiff,**

v.

**Patricia Roberts HARRIS, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 80–2178.

United States District Court, D. New Jersey.

Feb. 27, 1981.

Mark S. Jacobs, Voorhees, N.J., for plaintiff.

William W. Robertson, U.S. Atty., by Jerome B. Simandle, Asst. U.S. Atty., Newark, N.J., for defendant.

## OPINION

COHEN, Senior District Judge:

Claimant, Edward Stewart, seeks review under § 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g) (1974) of a final decision by the Secretary of Health and Human Services, which denied claimant's application for a period of disability and disability insurance benefits.

On February 27, 1979 claimant filed an application for disability insurance benefits (Tr. 52–55). The application was denied initially (Tr. 56–58), and on reconsideration. (Tr. 60–61). Claimant requested a hearing which was held on January 14, 1980. (Tr. 26–51). The Administrative Law Judge (ALJ), before whom claimant appeared, considered the case *de novo* and on February 5, 1980 found that claimant was not under a disability. (Tr. 11–20). The decision of the ALJ became the final decision of the Secretary when it was approved by the Appeals Council on March 13, 1980. (Tr. 7). After receipt of new evidence submitted by claimant's attorney on April 7, 1980 (Tr. 6), the Appeals Council, in its decision of May 15, 1980 (Tr. 3–4), found no basis to vacate its earlier decision.

We note at the outset that this Court must accept as conclusive the findings of

the Secretary if they are supported by substantial evidence. 42 U.S.C. § 405(g) (1974). We are also aware that the claimant bears the burden of establishing a disability. A review of the record indicates that the claimant satisfied his initial burden through his proof that he is unable to return to his previous employment. In the vast majority of circuits, once a claimant makes such a demonstration the burden of proof then shifts to the Secretary to establish that the claimant is capable of performing specific jobs that exist in the national economy. *E.g., Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979).

In a recent decision, the Third Circuit questioned whether the burden actually shifts to the Secretary. *Livingston v. Califano*, 614 F.2d 342, 345 (3d Cir. 1980). But, "[w]hether or not the burden actually shifts to the Secretary once the claimant has met his burden, *there is no doubt that the Secretary must establish that the claimant has the ability to engage in alternative substantial gainful employment activity.*" *Id.* [Emphasis Supplied].

In the instant case, the ALJ determined that claimant retained a residual functional capacity sufficient to engage in sedentary work. If this determination had been made in a manner consistent with that prescribed by existing case law, then claimant's ability to engage in alternative substantial gainful employment activity would have been established. However, the determination was not made in such a manner. Consequently, this case must be remanded for a proper determination as to whether claimant can in fact engage in alternative substantial gainful employment activity.

 This Court is aware of the fact that the ALJ also found support for his decision through the application of Appendix II to Subpart P of the Administrative Regulations No. 4. Under Appendix II the ALJ makes findings of fact as to four factors, namely claimant's residual functional capacity, age, education and previous work experience. These factors are then lined up on a grid set forth in Appendix II which specifies whether or not claimant is dis-abled. In the matter presently before the Court, after lining up the factors on the appropriate grid, the ALJ determined that the grid directed a finding of "not disabled." *See* 20 C.F.R. § 404.1513. However application of Appendix II was dependent upon the ALJ's preliminary determination that claimant retained the residual functional capacity necessary for sedentary work. Said determination was erroneous. Hence, reliance upon Appendix II was inappropriate. In addition, even if the ALJ's finding that claimant could do sedentary work was properly reached, usage of the grid as the ultimate decision-maker has been questioned. *Santise v. Harris*, 501 F.Supp. 274 (D.N.J.1980) (Ackerman, J.)

Although the ALJ's excessive reliance on the grid may possibly be grounds for remand, we need not decide that question here because the erroneous method the ALJ used to determine that claimant could do sedentary work is alone sufficient reason to reverse and remand this case. However, the potential effect that Judge Ackerman's decision may have on the use of Appendix II is of such significance that the decision merits attention later in this opinion.

The record discloses the following facts. Claimant alleges disability due to a back injury and left lung problem caused by an accidental blow to the back. Claimant is 35 years of age and has a seventh grade education. (Tr. 30, 43). Claimant stated that he can read and write a little, and although unable to understand "big words" he can read traffic signs, count change and tell time. (Tr. 30).

All of his prior work experience involved "heavy" construction and "laboring work." (Tr. 14). He has no experience working on an assembly line or in an office setting.

Claimant stated that he is taking percodan three or four times a day as well as valium (Tr. 39–40), and that if he sits too long he is in pain. (Tr. 47). Claimant also indicated he wears a back brace, uses a cane (Tr. 37), is not able to push or pull, and was told by his doctor to rest as much as possible. (Tr. 48).

We now turn to the medical evidence. Claimant has been hospitalized on a number of occasions (Tr. 33–35), most recently from January 2, 1980 to January 10, 1980 at Cooper Medical Center, for traction, muscle relaxants and other medication. Claimant's treating physician, Dr. Otto T. Boysen, an orthopedic surgeon, in a note dated March 2, 1979, stated that claimant was "totally disabled due to lumbrosacral strain." (Tr. 116). Dr. Boysen made a medical report in August of 1979 detailing claimant's treatment since his injury in the summer of 1977. (Tr. 128–129). Diagnosis continued to be recurrent lumbrosacral strain and Dr. Boysen concluded that claimant, unable to walk without use of a cane, remained "totally disabled."

Claimant was also examined by Dr. Thomas Obade, an orthopedic surgeon, on behalf of the Secretary on May 18, 1979. (Tr. 85–88). The examination revealed that claimant had 25 percent normal range of motion in his back with a mild amount of spasm, his hips moved well without pain, and claimant was neurologically intact with no evidence of atrophy. The report further stated that x-rays of the lumbrosacral spine revealed a minimal compression fracture of L–1 and that claimant suffered chronic lumbrosacral strain.

Dr. Obade also evaluated claimant's residual functional capacity. He found claimant was able to walk for six hours, and stand and sit for four hours each. Claimant could lift up to 10 pounds and operate controls with his hands but not with his feet. Finally, Dr. Obade found that claimant could not bend or stoop at all and could only occasionally climb stairs, but could use his hands for pushing, pulling and gross and fine manipulations. Dr. Obade then concluded that claimant was capable of performing sedentary work. (Tr. 88).

Relying upon Dr. Obade's belief that claimant was capable of performing sedentary work, and upon claimant's testimony and demeanor at the hearing, the ALJ decided that claimant retained the residual functional capacity to do sedentary work. As aforementioned, once claimant demonstrates an inability to return to his former job, benefits cannot be denied unless the Secretary establishes claimant is capable of engaging in alternative substantial gainful employment activity. Thus, the issue presented herein is whether the ALJ's conclusion that claimant is capable of doing sedentary work was arrived at in a manner sufficient to establish claimant can do alternative substantial gainful employment activity.[1]

Case law clearly instructs that to establish that a claimant can engage in alternative substantial gainful employment activity the Secretary must come forward with substantial evidence demonstrating specific jobs exist in the national economy. *Chism v. Secretary of Health, Education and Welfare*, 457 F.Supp. 547, 559 (C.D.Cal. 1978). Generally, this is done with the help of a vocational expert, *O'Banner v. Secretary of Health, Education and Welfare*, 587 F.2d 321, 323 (6th Cir. 1978). Although a vocational expert was not used in the instant case, some courts have suggested one is not necessary in every case. *Chism v. Secretary of Health, Education and Welfare*, 457 F.Supp. at 559. "For example, it may be proper for the Administrative Law Judge to examine a book containing job titles and descriptions, to spread on the record the job descriptions (i. e., duties) of

---

1. The Secretary offers two arguments to support the decision denying claimant disability benefits. Initially, she argues the ALJ properly demonstrated that claimant can do sedentary work. This argument is the focus of this opinion. In addition, the Secretary argues that regardless of what the claimant's condition is at present, during the period in which claimant met the special earnings requirements of the Social Security Act he was not disabled. However, review of the record discloses that claimant continued to meet the special earnings requirements of the Act until September 30, 1978 and that the medical evidence established claimant had chronic lumbrosacral strain on or before that date. (Tr. 18). The record also indicates that the Secretary failed to demonstrate claimant could engage in alternative substantial gainful employment activity at *any* time following his injury. Consequently, the Secretary's second argument is without merit.

specifically identified jobs, and to conclude the claimant had the ability to perform all of the duties required of such jobs." *Id.* Regardless of the method the ALJ chooses to establish the existence of alternative employment, it is clear the "Secretary's burden is discharged only when there is an affirmative attempt to link the existence of certain specific jobs with the capacities and limitations of the individual claimant." *Phillips v. Harris,* 488 F.Supp. 1161, 1167 (W.D.Va. 1980); *See generally, Gardner v. Earnest,* 371 F.2d 606 (4th Cir. 1967). In other words,

> [i]t is not sufficient to say that a man suffers some form of physical impairment yet can do 'light work' [or 'sedentary work']. It must be shown medically that he can perform the physical activities certain jobs require without serious aggravation to present physical impairment or to general health. Otherwise the Hearing Examiner's findings would amount to pure speculation.

*Garrett v. Richardson,* 471 F.2d 598, 603 (8th Cir. 1972), (quoting *Clemochefsky v. Celebrezze,* 222 F.Supp. 73, 78 (M.D.Pa. 1963)).

In the instant case, the ALJ should have referred to specific skills claimant gained in his construction jobs which are transferable to the requirements of specific alternative jobs. *Phillips v. Harris,* 488 F.Supp. at 1167. Concluding claimant can do "sedentary work" without more is not a sufficient method of demonstrating claimant's residual functional capacity. The Secretary has therefore failed to establish that alternative substantial gainful employment is available to the claimant.

As for the ALJ's use of the grid set forth in Appendix II, we have already noted that Judge Ackerman's decision in *Santise v. Harris,* 501 F.Supp. 274 (D.N.J.1980), raises serious doubt as to the propriety of such use unless further findings pertaining to claimant's individual skills and their applicability to the requirements of specific jobs are also made. In *Santise v. Harris, supra,* pursuant to the requirements of Appendix II, the ALJ made findings of fact as to four specific factors, namely residual functional capacity, age, education and previous work experience. The ALJ then lined these findings up in the appropriate grid set forth in Appendix II and determined that the grid *directed* a finding of not disabled. However, on appeal the District Court remanded the decision, concluding that the Secretary's

> reliance on a grid, drawn in advance to cover a wide variety of individual cases, does not satisfy its obligation of basing its conclusion on substantial evidence. An abstract chart in a reference book, keyed to only four factors, does not provide the claimant with the individualized consideration of the facts of her own particular case that she is entitled to under the act. Nor can a chart be cross-examined, nor can the claimant do anything to rebut it.

Although no circuit has ruled on the validity of these regulations, we question whether basing a decision on these regulations, without more, is a sufficient basis for concluding that a claimant is not disabled. "The Secretary has used this mechanical formula to avoid the requirements of well established case law; instead of going forward with the burden of proof as required, they have rested on the Administrative Law Judge's application of Appendix II." *Phillips v. Harris,* 488 F.Supp. at 1167.

Although we would hesitate to decide this case on the basis of the dictates of *Santise* alone, because the ALJ's failure to properly establish claimant can do sedentary work is a clear violation of long standing case law, the ALJ's decision cannot stand. This case must therefore be remanded for further proceedings not inconsistent with this opinion.