**Burnell LINDBERG, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.**

No. C–78–1878 SW.

United States District Court, N. D. California.

April 18, 1979.

Smith, Clancy, Wright & Laws, Oakland, Cal., for plaintiff.

G. William Hunter, U. S. Atty., William T. McGivern, Jr., Asst. U. S. Atty., Chief, Civ. Div., San Francisco, Cal., for defendant.

## ORDER OF REMAND

SPENCER WILLIAMS, District Judge.

This action came regularly before the court on defendant's motion for summary judgment and plaintiff's cross motion for summary judgment or, in the alternative, for remand. These motions have been briefed and submitted to the court without oral argument. The court has considered the pleadings and the certified copy of the administrative transcript, and is fully informed in the matter.

▮ Plaintiff has submitted medical evidence which was not available to the Secretary at the time of the administrative proceedings. This new evidence is not cumulative and there is a reasonable chance the agency would have reached a different conclusion were it able to have considered this evidence. *Cf. Finnstrom v. Mathews,* 412 F.Supp. 415, 416 (D.Ariz.1976). The new evidence "bears directly and substantially on the matter in dispute," and, since defendant will not be prejudiced by a remand for the purpose of accepting and considering this additional evidence, such a remand is appropriate and shall be ordered. *Kemp v. Weinberger,* 522 F.2d 967, 969 (9th Cir. 1975).

▮▮ Additionally, the court notes that it appears from the administrative law judge's decision that plaintiff was found not disabled with respect to certain types of jobs he had previously held (*e. g.,* freight handler, farmworker, laborer). However, it is not clear whether plaintiff was also found not disabled with respect to his most recent occupation as a cement finisher, or whether in fact any finding at all was made on this question.[1] The nature of this court's review of this case depends nevertheless on such a finding with respect to the cement finishing job. Plaintiff worked as a cement finisher for over thirty years before quitting in 1976, whereas he only worked at the various other occupations for far shorter periods of time some forty to fifty years ago. In the opinion of this court, if plaintiff demonstrates disability with respect to his cement finishing occupation then he has met his initial burden of showing inability to return to his former work—for plaintiff's initial burden, on the facts of this particular case, should not and cannot be extended to encompass those other occupations which he may have held at one time many years ago. However, once plaintiff has met his initial burden, the Secretary would be required to come forward with evidence as to plaintiff's specific skills and the availability of specific jobs which correspond with those skills. *See Lightfoot v. Mathews,* 430 F.Supp. 620, 621–22 (N.D.Cal.1977).[2] Evidence that plaintiff once held the other jobs indicated in the record might well be relevant to the issue of his specific skills, but the failure of plaintiff to demonstrate his inability to return to these prior jobs would not, in this case, be conclusive in the same way that plaintiff's failure to demonstrate disability with respect to the cement finishing work would be. Because the case is being remanded to consider new medical evidence, it is appropriate to afford the Secretary an

---

1. The administrative law judge noted that plaintiff complained of working in the dusty environment of a cement finisher, but he never stated any finding that plaintiff could or could not continue to perform such work given his medical condition.

2. Such evidence ordinarily should come in the form of testimony from a vocational expert. *See, e. g., Stone v. Finch,* 434 F.2d 364, 365 (4th Cir. 1970) (Vocational expert testified that claimant, who like plaintiff in the present case suffered from anxiety and lung disease, was capable of performing "many jobs.").

opportunity to specify whether he finds plaintiff not disabled with respect to cement finishing.

Accordingly, IT IS HEREBY ORDERED that defendant's motion for summary judgment is denied.

FURTHER ORDERED that plaintiff's motion for summary judgment is denied.

FURTHER ORDERED that this case is remanded with instructions that:

(1) the Secretary shall consider the new medical evidence;

(2) if plaintiff is found not disabled, the Secretary shall state specifically whether or not plaintiff is found to be disabled with respect to his former occupation as a cement finisher;

(3) if plaintiff is found disabled with respect to his cement work, the Secretary must assume the burden of coming forward with evidence, probably in the form of testimony by a vocational expert, as to plaintiff's skills and the availability of specific jobs which correspond with those skills.