Billy J. PHILLIPS, Plaintiff,
v.
Patricia HARRIS, Secretary of Health, Education and Welfare, Defendant.

Bertha G. MULLINS, Plaintiff,
v.
Patricia HARRIS, Secretary of Health, Education and Welfare, Defendant.

Civ. A. Nos. 79–0107(B), 79–0123(B).

United States District Court,
W. D. Virginia,
Big Stone Gap Division.

April 3, 1980.

Frederick W. Adkins, Cline, McAfee & Adkins, Norton, Va., for plaintiff.

Thomas R. King, Jr., Asst. U. S. Atty., Roanoke, Va., for the Government.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

Both of these cases involve appeals of the final decision of the Secretary of Health, Education and Welfare denying plaintiffs' claims for a period of disability and disability insurance benefits under the Social Security Act, as amended 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). After receiving oral argument in these cases and after consideration of the written memoranda submitted by the parties, the court is now of the opinion that both cases involve the same issue of law. Accordingly, the cases are consolidated for purposes of consideration. As reflected by the oral argument and written memoranda, the general issue before the court is whether the Secretary's final decisions are supported by "substantial evidence," or whether there is "good cause" as to necessitate remanding the case to the Secretary for further development. *See* 42 U.S.C. § 405(g).

## STATEMENT OF THE FACTS

The facts of both cases are essentially undisputed. The plaintiffs, Billy J. Phillips and Bertha G. Mullins, filed applications for periods of disability and disability insurance benefits. It is undisputed that Phillips and Mullins met the insured status requirements of the Social Security Act at all relevant times. *See generally* 42 U.S.C. §§ 414 and 423. However, both claims were denied at the initial consideration and reconsideration levels based on the finding that the claimants had failed to establish disability for all forms of substantial gainful employment. Both claimants then requested and received a *de novo* hearing and review before an Administrative Law Judge.[1] In each case, the Law Judge once again denied the claim by way of an opinion which was eventually adopted as the final decision of the Secretary. The claimants then filed timely appeals pursuant to 42 U.S.C. § 405(g).

In the case of Billy J. Phillips, the administrative record reveals that the claimant was born on March 13, 1928. Mr. Phillips completed the second grade in school. The Law Judge found that Mr. Phillips is illiter-

---

1. The same Administrative Law Judge heard both cases.

ate. The record reveals that Phillips has worked as a coal miner, construction laborer, and automotive salvage laborer. Phillips worked as a coal truck driver for twenty years prior to his alleged disability onset date of March 2, 1978. The Law Judge offered the following summary of the medical evidence in Mr. Phillips' case:

> The medical evidence establishes that the claimant suffers from possible lumbar nerve root compression syndrome, not of such severity as to warrant surgery. He also suffers from anxiety neurosis, depression and a somatic conversion reaction.

Bertha G. Mullins was born on February 10, 1926. Mrs. Mullins reached the seventh grade in school. She has received no special vocational training. Mrs. Mullins last employment role was as a cook. Mrs. Mullins worked as a restaurant cook from 1964 to 1974. From 1974 to 1975, she was employed as a cook in a county jail. Mrs. Mullins alleged disability onset as of June, 1975. In his findings of fact in the *Mullins* case, the Law Judge found that the claimant suffered from a number of physical and mental impairments summarized as follows:

> The medical evidence shows that the claimant has a history of hypertension caused by adrenal tumors and vaginal bleeding. Both of these conditions have been successfully corrected by surgical procedures. Claimant also suffers from dizziness and vertigo, which is significantly controlled by Antivert.
>
> The medical evidence also shows as of April 9, 1979 the presence of severe anxiety neurosis which, with treatment is not expected to last for a continuous period of at least 12 months.

## STATEMENT OF THE RELEVANT ISSUES

The crux of the controversy in these cases concerns the application of the new regulatory "medical vocational guidelines" which became effective on February 26, 1979. *See* 20 C.F.R. § 404.1501–.1539. While both of the applications for benefits in the instant cases were filed prior to February 26, 1979, the United States Court of Appeals for the Fourth Circuit, relying on *Bradley v. Richmond School Board*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), has held that these new regulations are applicable to cases which were still pending as of February 26, 1979. *Hicks v. Califano*, 600 F.2d 1048 (4th Cir. 1979). The new regulations were promulgated in an attempt "to consolidate and elaborate upon long standing medical-vocational evaluation policies for adjudicating disability claims in which an individual's age, education, and work experience must be considered in addition to the medical condition." 43 Fed.Reg. 55,349 (1978).

Stated briefly, the new regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1503. The first inquiry under the sequence concerns whether a claimant is currently engaged in substantial gainful employment. If it is found that he is, the claim is denied without reference to the other steps in the sequence. If he is not, the second inquiry is whether the claimant has a "severe" impairment. If he does not, the claim is denied. If a severe impairment is present, the third inquiry is whether such impairment meets or equals one of the impairments listed under Appendix I to Subpart P of the Administrative Regulations No. 4. If it does, the claim is approved. If it does not, the fourth inquiry is whether the claimant's impairments prevent him from performing his past relevant work. If he is found to be capable of returning to his past relevant work, the claim is denied. If he is not found to be so capable, the fifth and final inquiry is whether the claimant is able to perform other forms of substantial gainful activity, considering his age, education, and prior work experience. If he is not, the claim is approved. Evaluation for purposes of the fifth step is made through reference to Appendix II to Subpart P of the Administrative Regulations No. 4, and to the text of the remaining new regulations, especially 20 C.F.R. §§ 404.-1504–.1513.

In the instant cases, the "sequential evaluation" proceeded to the fifth and final inquiry. The Administrative Law Judge found that both claimants were disabled for their past relevant work. The Law Judge then proceeded to identify and apply the various factors considered relevant for evaluation under the "formulas" of Appendix II. In the Phillips claim, the Law Judge found the claimant retained residual functional capacity for medium work. *See* 20 C.F.R. § 404.1510(d). It was also determined that Phillips is "closely approaching advanced age" and that he is illiterate. *See* 20 C.F.R. §§ 404.1506(c), .1507(b). The Law Judge then found that, as a result of his work as a coal truck driver, claimant is "semi-skilled" and that his skills are transferable. *See* 20 C.F.R. § 404.1511(c), (e). Given these factors, the Law Judge found that Rule 203.20 of Appendix II "requires" that Phillips be found not disabled. *See* 20 C.F.R. § 404.1513.

In the Mullins claim, the Law Judge found the claimant to be limited to sedentary work. *See* 20 C.F.R. § 404.1510(b). The Law Judge further determined that Mrs. Mullins is "closely approaching advanced age," *see* 20 C.F.R. § 404.1506(c), and that she has a limited education. *See* 20 C.F.R. § 404.1507(e). The Law Judge held that as a result of her past work, Mrs. Mullins possesses transferable skills. *See* 20 C.F.R. § 404.1511. Given these factors, the Law Judge applied Rule 201.11 of Appendix II, which "required" a finding that Mullins was not disabled.

Plaintiffs now contend their claims were improperly considered. They argue that the denial of their claims through reference to the new "medical vocational guidelines" constituted a highly prejudicial abrogation of existing case law. Plaintiffs also maintain the mechanical "formulas" of Appendix II ignore many subjective factors and individual circumstances that should be considered in a disability claim. The Secretary contends the new procedures do not represent any radical departure from past practice and argues the new guidelines promote a more efficient analysis of the factors that have always been deemed relevant in a disability evaluation. Finally, the Secretary contends that individual subjective factors have been considered in each of the instant cases.

## RESOLUTION OF THE ISSUES

The court entertains absolutely no doubt that the promulgation of the new regulations constituted a valid exercise of the Secretary's statutory responsibility under 42 U.S.C. § 405(a). *See Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Moreover, after a thorough review of all the new regulatory provisions, the court is unable to discern any basis in support of the allegation that the new regulations contravene the intent of Congress. The court must conclude that plaintiffs' constitutionally protected right to due process has not been violated. In short, the new regulations are not patently defective. However, the court has found that the way in which the new regulations were applied in the instant cases precludes any finding of "substantial evidence."

The draftsmen of the new regulations may well have intended to develop a more efficient manner of evaluating the relevant factors in disability cases. Based on prior experience, the court is of the opinion that the sequential analysis theoretically represents an improvement over the rather imprecise regulatory scheme that previously governed. However, the "medical vocational guidelines" clearly require the administrative law judges to structure their fact finding framework in a new manner. It is not unexpected that in the transition period, some problems will inevitably arise. The court finds that the final decisions in the instant cases must be remanded to the Secretary for further development. Problems exist in the Secretary's treatment of the specific facts in the context of the new regulations, in the Secretary's general response to the claimants' establishment of a *prima facie* case of disability, and in the way in which the Administrative Law Judge dealt with this response.

■ In cases recently before the court in which the new regulations have been applied, the court has noted a tendency of administrative law judges to disregard specific facts of an individual case while over-emphasizing the mechanical formulations of the Appendix II criteria. For example, in the cases herein, the Law Judge found that Mullins and Phillips suffer from some form of emotional impairment.[2] In the terminology of the new regulations, these impairments result in "non-exertional limitations." *See* 20 C.F.R. § 404.1504(d). When "non-exertional limitations" are present, the regulations provide that the rules of Appendix II cannot be applied so as to *require* a finding of not disabled. *See* Rule 200.00(e) of Appendix II to Subpart P of the Administrative Regulations No. 4. Thus, in the instant cases, the Law Judge erred in finding that the new regulations required a finding of not disabled. This circumstance notwithstanding, it appears that the consideration actually given by the Law Judge to the emotional impairment was deficient. In each of the cases, the Law Judge dismissed the impact of the emotional dysfunction, noting the evidence had failed to establish the presence of a psychiatric condition so severe as to be disabling in itself. While such findings may well have been valid, the opinions of the Law Judge evince no consideration of the emotional impairment in combination with the physical impairments. *See Oppenheim v. Finch*, 495 F.2d 396, 398 (4th Cir. 1974). While the Law Judge presumably considered the emotional factors in finding that Phillips could do medium work and that Mullins could do sedentary work, no specific indication is given as to what weight the Law Judge gave to these emotional factors in determining both plaintiffs could adapt to new work roles within the categories identified. Absent a meaningful statement of the weight attached to the medical evidence of emotional disorder con-sidered in combination with the physical impairments, and absent a statement of the reasons felt to be in support of the given conclusion, the final decision of the Secretary cannot be deemed to be supported by "substantial evidence." *Stawls v. Califano*, 596 F.2d 1209 (4th Cir. 1979); *Thorne v. Weinberger*, 530 F.2d 580 (4th Cir. 1976).

The court considers the absence of appropriate specificity in the Secretary's final decision to constitute an appropriate ground for remand of these cases for further development. More importantly, however, the court is of the opinion that the way in which the Secretary dealt with plaintiffs' establishment of *prima facie* cases of disability was totally inadequate. For purposes of the instant cases, and in order to assist the Secretary in the adjudication of future claims that may come before this court, the court proceeds to consider this general question.

■■ It is well settled that once a claimant establishes disability for his last employment role, he has made out a *prima facie* case of disability. *See Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Once the *prima facie* case of disability is established, the burden of going forward with the evidence shifts to the Secretary to show that the claimant, given his age, education, and work experience, has the capacity to perform a specific job that exists in the national economy. *Boyd v. Gardner*, 377 F.2d 718 (4th Cir. 1967); *Carico v. Gardner*, 377 F.2d 259 (4th Cir. 1967); *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975); *Garrett v. Richardson*, 471 F.2d 598 (8th Cir. 1972). Under past procedure, the testimony of a vocational expert was often utilized in making the determination as to vocational potential for specific, alternative jobs. Indeed, in *Smith v. Califano*, 592 F.2d 1235 (4th Cir. 1979), the court notes that "[o]rdinarily, the testimony of a vocational expert

---

2. In the Mullins claim, the Law Judge found that while the claimant suffers from severe anxiety neurosis, the condition is subject to treatment and will therefore not persist for twelve months. The finding that the impairment is remediable is clearly not supported by "substantial evidence." In the only psychiatric report on record, Mrs. Mullins' prognosis was described as extremely poor. Her symptoms were found to be well-fixed, chronic, and probably permanent.

is *required* in order to support a finding that alternative jobs which the claimant can do exist in the nation's economy." 592 F.2d at 1236 (emphasis added). *See also McLamore v. Weinberger,* 538 F.2d 572 (4th Cir. 1976). In the exceptional circumstance where the potential for alternate work is "within the common knowledge and experience of ordinary men," substantiation by a vocational expert is not necessary. *McLamore v. Weinberger, supra* at 575. Recently the Fourth Circuit Court of Appeals ruled that an administrative law judge was not qualified to provide affirmative vocational evidence. *Wilson v. Califano,* 617 F.2d 1050 (4th Cir. 1980). The rule which emerges is that, except in the most obvious cases, the Secretary's burden is discharged only when there is an affirmative attempt to link the existence of certain specific jobs with the capacities and limitations of the individual claimant. *See generally Gardner v. Earnest,* 371 F.2d 606 (4th Cir. 1967).

Implicit in these rules is the corollary that it is insufficient for the Secretary to find that a given claimant's age, education, work experience, and medical problems limit the claimant to one category of work,[3] and then deny the claim on the basis of the finding that specific jobs in that work category exist in the national economy. In addition, it must be noted that the mere fact that a claimant possesses some transferable work skills does not necessarily mean that those skills exist in such quality and quantity as to permit satisfactory performance of an alternative work role. For example, a claimant who has supervised other employees and ordered supplies in a previous heavy work role as a construction foreman may possess transferable skills. However, such skills may not necessarily be transferable in fact to the sedentary work role of production line supervisor. Despite this obvious circumstance, the rules to Appendix II permit in the abstract a determination of not disabled simply on the basis of

the general finding of transferability of work skills made solely by the Administrative Law Judge.[4] The Secretary has used this mechanical formula to avoid the requirements of well established case law; instead of going forward with the burden of proof as required, they have rested on the Administrative Law Judge's application of Appendix II. This practice is deficient. In the instant cases, the Law Judge failed to identify any specific jobs in which the plaintiffs could be expected to perform. No vocational expert testified. No attempt was made to identify the skills necessary in any of the alternate work roles that were considered to be within plaintiffs' capacity. No attempt was made to assess the limitations imposed by plaintiffs' specific impairments against the requirements of any particular job. In short, it is obvious the Secretary has failed to discharge the burden of going forward with evidence of capacity for a specific alternate job in the national economy and proof of transferable skills.

The Secretary argues the deficiency is a minor one inasmuch as the Law Judge could have easily taken administrative notice of a specific job in the medium work category for Phillips or the sedentary work category for Mullins. Under 20 C.F.R. § 404.1509(c), such administrative notice is permitted through reference to the Dictionary of Occupational Titles or similar publications. However, even had the Law Judge attempted to take such administrative notice, the end result would have been tantamount to equating the existence of a particular job with the capacity for such work. It is not within the Administrative Law Judge's discretion to make this equation on the basis of his own expertise. *Wilson v. Califano, supra.* The Secretary can bridge this crucial gap only through particularized proof of a claimant's individual capacity. *Taylor v. Weinberger, supra* at 668.

The records in the instant cases are bereft of evidence to suggest that the claim-

---

**3.** When a vocational expert is utilized, these same findings are put to the expert in the form of a hypothetical. The expert then relates the claimant's individual limitations to the specific

requirements of particular alternate work roles known to the expert.

**4.** Compare Rule 201.10 with Rule 201.11.

**1168**

ants retain the capacity to perform any specific jobs in the work categories identified. Mr. Phillips is over fifty years of age and is functionally illiterate. While the Law Judge found that he has transferable skills, his opinion does not give any indication as to what those skills are, nor why they are found to be transferable. Mrs. Mullins is well over fifty years of age. Her work as a cook may or may not have invested her with vocational attributes. Yet, her claim has been denied without any indication of what sedentary jobs the Secretary expects her to perform. No evidence exists to suggest that a 53-year old person with manifestations of severe anxiety neurosis could reasonably be expected to transfer the work skills of a cook to some new form of work alien to her past experience. No attempt was made to assess the vocational adaptability of Phillips and Mullins, given their particular circumstances.

In the case of persons "approaching advanced age," the regulations recognize that the question of vocational adaptability presents a special problem. Rule 201.00(g) of Appendix II to Subpart P of the Administrative Regulations No. 4. Yet, the Administrative Law Judge avoids these difficult questions by merely making findings and plugging them into the Appendix II formulas.[5] As to his findings of transferability of work skills, there is simply no evidence to support the Law Judge's conclusions. Moreover, assuming that the Law Judge had undertaken a more detailed evaluation of the transferability of work skills, there is no indication that he had the vocational expertise to make valid findings with the degree of specificity required by the existing case law.

The factual situation in these cases is similar to the one presented to the Fourth Circuit for review in *Wilson v. Califano,*

*supra.* Although the Secretary had failed to present evidence rebutting claimant's *prima facie* case, the Administrative Law Judge proceeded to determine there was alternate work claimant could perform that existed in the community. The court held that the Administrative Law Judge had "misconceived his role as well as his burden in rebutting the claimant's *prima facie* case. We think an independent vocational expert was necessary to provide specific evidence of claimant's capacity to perform substantial gainful work which exists in the national economy." *Id.* at 1053.

■ In summary, it appears the Secretary has attempted to discharge the burden of going forward with the evidence in these cases without adducing any new evidence relative to the crucial issue. No reasoning, argument or rationale has been presented to justify the Secretary's apparent assertion that the new regulations are structured in such a manner as to permit the Secretary to discharge his burden by a different consideration of the same factors and issues that have previously been held to require evaluation by an expert. No reasoning, argument, or rationale has been presented to remotely support the contention that the new regulations have been organized in such a manner as to suddenly vest the administrative law judges with the vocational expertise that numerous cases have held they do not possess. In close cases such as those at hand, it cannot be said that the final decision of the Secretary is supported by "substantial evidence" when that decision is based, in essence, on nothing more than speculation by the administrative law judge.

## CONCLUSION

■ The court has found the final decisions of the Secretary in the instant cases to

**5.** The Secretary argues that if the claimants were dissatisfied with findings regarding residual functional capacity or the vocational factors, the claimants could have presented evidence in rebuttal. *See* Rule 200.00(a) of Appendix II to Subpart P of the Administrative Regulations 4. It is difficult to reconcile this argument with the fact that the burden of going

forward with the relevant evidence of alternate employment capacity rested with the Secretary. In any case, the opportunity for rebuttal was a hollow one given the facts that the claimants had no notion of what the Secretary's crucial findings would be until well after the administrative hearing.

be unsupported by "substantial evidence." Given the incomplete state of development of the records in these cases, however, the court is unable to conclude that plaintiffs have met their ultimate burden of establishing their disability for all forms of substantial gainful employment. Accordingly, the court finds it necessary to remand these cases for further development consistent with this opinion. The opinion of the court should not be read to indicate that testimony of vocational experts is always necessary in cases when the sequential evaluation of the new regulations reaches step five. Nor should the opinion be read to suggest the new regulations do not provide a viable framework for the adjudication of disability claims. As noted by the Secretary in oral argument, the regulations do not preclude the use of expert vocational witnesses. In cases of *prima facie* disability decided subsequent to entry of this opinion and that come to this court on appeal, the final decision of the Secretary will be reversed when reasonable questions regarding the transferability of work skills are not resolved in an appropriate manner. The court is of the opinion that the existing case law in this circuit is sufficient to apprise the Secretary as to what constitutes an appropriate response in a given factual situation. *See Wilson v. Califano, supra; Taylor v. Weinberger, supra; McLamore v. Weinberger, supra; Smith v. Califano, supra.* The court specifically concludes that in cases of *prima facie* disability, the advent of the new medical vocational guidelines does not present sufficient justification for departure from the well reasoned teachings and requirements of those cases and their precursors.

Appropriate judgments and orders will be entered this day.