Melvin E. BOYCE, Plaintiff,

v.

Patricia Roberts HARRIS, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 79–1927.

United States District Court, D. South Carolina, Anderson Division.

June 3, 1980.

Thomas E. Hite, Jr., Anderson, S. C., for plaintiff.

## ORDER

CHAPMAN, District Judge.

This matter is before the Court as a result of exceptions taken to the Report and Recommendation of the United States Magistrate to whom this case had been referred for a report and recommendation pursuant to 28 U.S.C. § 636(b) and this Court's Order of May 1977 conferring authority and duties upon United States Magistrates.

Upon exceptions taken to the Magistrate's Report and Recommendation the Court is to determine *de novo* the issues raised by the exceptions.

The Magistrate has recommended that this matter be remanded to the Secretary with instructions to obtain a residual functional capacities evaluation from an orthopedic surgeon. This is unnecessary since such an evaluation is already in the file from an orthopedic surgeon, Dr. William B. Jones.

The Magistrate has also recommended that the Secretary determine whether the plaintiff's spinal fusion had healed properly; to comply with *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975) by providing specific factual support for the conclusion that the plaintiff has an alternate vocational capacity; and to grant the plaintiff the opportunity to submit additional pertinent medical evidence.

There is indication in the testimony that the plaintiff's back was healing slowly, but the same doctor indicated that the pain resulting from this condition was minimal and that neither the pain nor the back condition prevented plaintiff from engaging in substantial gainful activity.

The underlying rationale of *Taylor v. Weinberger* seems to have been made obsolete by the new Vocational Factors Regulations 20 C.F.R. §§ 404.1503–404.1513.

It is the obvious purpose of these regulations to allow the Secretary to make findings of disability or lack of disability based on certain specific criteria including age, educational level, degrees of work experience and residual functional capacities. One purpose of these regulations is to allow the Secretary to decide cases more promptly and without the necessity of hearing from a vocational expert in every case in which the claimant cannot return to former employment because of physical limitations.

In adopting these regulations the Secretary has taken notice that there are at least 200 separate unskilled sedentary occupations, some 1600 unskilled light and sedentary occupations and some 2500 unskilled medium, light and sedentary occupations in the national economy. The words "sedentary", "light" and "medium" are specifically defined in 20 C.F.R. § 404.1510. The physical exertion required for these jobs, whether or not the employee must walk, stand or remain seated and other facts relating to the employment have been taken into consideration in arriving at the new regulations. The record reflects that the Secretary has complied with the regulations and made the necessary findings to support his decision that the plaintiff was able to perform various unskilled, entry-level jobs. This decision is supported by substantial evidence and, therefore, the decision of the Secretary must be affirmed and the Clerk of Court shall enter judgment in favor of the defendant.

AND IT IS SO ORDERED.