**Donald SIMONSEN, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

Civ. No. 79–927–T.

United States District Court, S. D. California.

April 23, 1981.

Irwin L. Schroeder, San Diego, Cal., for plaintiff.

D. Michael Waltz, Asst. U. S. Atty., San Diego, Cal., for defendant.

## AMENDED ORDER

TURRENTINE, District Judge.

Claimant seeks judicial review of the denial of his claim for disability insurance benefits by the Secretary of Health and Human Services. *See* 42 U.S.C. § 405(g). The Secretary has moved for summary judgment. The Magistrate assigned to the case has made a recommendation that the case be remanded for the taking of further

evidence, to which the Secretary has objected. Local Rule 506. The limited role of a district court under 42 U.S.C. § 405(g) is simply to determine whether the Secretary's findings are supported by substantial evidence. *Chavies v. Finch*, 443 F.2d 356, 357 (9th Cir. 1971).

The Administrative Law Judge (ALJ) found that claimant was no longer capable of performing his former work as a painter, but that he still had the ability to do work of a light nature. Claimant has had back surgery and complains of numbness in his leg.

■ It appears from the Magistrate's recommendation that the major reason remand has been suggested is to take evidence on a hospital stay which occurred after the administrative hearing. However, claimant's counsel has failed to tender any new evidence to the court. The Secretary's Appeals Council, in a letter dated June 29, 1979, affirming the ALJ's decision, invited claimant to submit updated evidence. At no time has he submitted any additional evidence which would call for remand. *See Perez v. Mathews*, 411 F.Supp. 1276, 1279–80 (E.D.Cal.1976). His unsubstantiated assertion that there is additional relevant evidence is insufficient to support a remand order. *Hall v. Secretary of HEW*, 602 F.2d 1372, 1377 (9th Cir. 1979); *Hutchinson v. Weinberger*, 399 F.Supp. 426, 428 (E.D. Mich.1975). In addition, the failure to present the new evidence prevents the court from determining whether there is a reasonable chance the Secretary would reach a different conclusion based on this evidence. *See Lindberg v. Califano*, 469 F.Supp. 920, 921 (N.D.Cal.1979) (Williams, J.).

■ The court has thoroughly reviewed the record and finds substantial medical evidence supports the Secretary's decision that claimant is not completely disabled.[1]

In the past the Secretary was required to specify exactly what kind of "light work" a claimant was capable of performing in order to support the Secretary's decision in cases where the claimant was incapable of performing his prior job. *See Hall*, 602 F.2d at 1377. This case raises the interesting question whether the Secretary properly relied on new medical-vocational regulations[2] to meet his substantial evidence burden without resorting to the testimony of vocational experts identifying particular "light work" jobs.

The new regulations call for examination of age, education, and other factors. In specified situations the claimant is conclusively determined to be either disabled or not disabled, depending on whether the claimant's characteristics meet those set out in the applicable regulation. *See Hicks v. Califano*, 600 F.2d 1048, 1050 (4th Cir. 1979); *Boyce v. Harris*, 492 F.Supp. 751, 752 (D.S. C.1980); *Crowe v. Harris*, 489 F.Supp. 683, 689 (E.D.Tenn.1980).

All of the federal courts which have examined the new regulations have either explicitly or implicitly found them to be valid.[3] However, there has been some disagreement as to whether the regulations can act as a substitute for the testimony of a vocational expert. *Compare Phillips v. Harris*, 488 F.Supp. 1161, 1165–68 (W.D.Va. 1980) *and Maurer v. Harris*, 502 F.Supp. 320, 322–23 (D.Or.1980), *with Stallings v. Harris*, 493 F.Supp. 956, 957–61 (W.D.Tenn. 1980) *and Boyce*, 492 F.Supp. at 752.

This court chooses to join the *Stallings* and *Boyce* courts in finding that the Secretary can meet his substantial evidence burden by relying on the medical-vocational regulations, without resorting to vocational expert testimony and without specifying particular jobs. *See also Crowe, supra;*

---

1. The existence of some evidence which could support a contrary conclusion is not cause for remand, since it is up to the Secretary to resolve conflicts in the evidence and the court should not substitute its own judgment. *Jacobs v. Finch*, 421 F.2d 843 (9th Cir. 1970). The court need only determine that the record contains *substantial* supporting evidence.

2. 20 C.F.R. §§ 404.1502–404.1513 and Subpart P, App. 2 (effective February 26, 1979).

3. *See Maurer v. Harris*, 502 F.Supp. 320, 322 n.1 (D.Or.1980).

*Morris v. Secretary of HEW*, No. 79 Civ. 6181 (S.D.N.Y. Sept. 10, 1980). Courts have noted that the regulations cannot be used to "require" a finding of no disability where the claimant has "non-exertional" limitations,[4] or where there are restrictions in his residual functional capacity to perform a certain category of work.[5] Neither of these concerns is relevant here because claimant had no significant non-exertional limitation, and no restriction in his capacity to perform light work was noted by the ALJ. The Secretary properly concluded that the regulations directed a finding of no disability.

The Ninth Circuit decision in *Hall*, which did not involve the new regulations, does not per se require the Secretary to bring in a vocational expert who can point to specific jobs which the claimant is still able to perform. Particular jobs must be identified "*absent* other reliable evidence of the claimant's ability to engage in other occupations." *Hall*, 602 F.2d at 1377 (emphasis added). The new regulations do provide for the required "other reliable evidence" by directing the Secretary to examine numerous characteristics which are directly related to the ability to perform occupations in the categories defined in 20 C.F.R. § 404.-1510. *See Boyce, supra*. As Judge Wellford stated:

> In place of vocational testimony that jobs exist or do not exist that a claimant can perform, the regulations have incorporated extensive information from the same sources that a vocational expert would utilize. In addition, this information is specifically related to previous individualized findings with respect to a claimant's functional and vocational capacity. Thus the regulations meet the agency's burden in a manner that may afford more consistent and uniform results.

*Stallings*, 493 F.Supp. at 956. Therefore, the procedures of the new regulations are not contrary to the holding or spirit of *Hall*.

If claimant's condition has worsened since the Secretary's decision, he is free to file a new disability claim for his present condition if still eligible for benefits. Based on the present record summary judgment should be granted for the Secretary.

SO ORDERED.

---

4. *See Walker v. Harris*, 504 F.Supp. 806, 811 (D.Kan.1980); *Maurer*, 502 F.Supp. at 323–24; *Fields v. Harris*, 498 F.Supp. 478, 492 (N.D.Ga. 1980); *Phillips v. Harris*, 488 F.Supp. 1161, 1166 (W.D.Va.1980).

5. *See Moguez v. Harris*, 512 F.Supp. 11 (D.Colo.1980).