Homer S. SLOAN, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Civ. A. No. 80–0048–W(H).

United States District Court,
N. D. West Virginia,
Wheeling Division.

May 4, 1981.

Thomas A. Goodwin, Mead, Goodwin & Saad, Wheeling, W. Va., for plaintiff.

Stephen G. Jory, U. S. Atty., Wheeling, W. Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

This is an action under Section 205(g) of the Social Security Act (hereinafter Act) 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health and Human Services (hereinafter Secretary) denying Plaintiff's application for disability insurance benefits pursuant to 216(i) and 223 of the Act, 42 U.S.C. §§ 416(i) and 423. The case is presently pending before the Court on Defendant's motion for summary judgment. Memoranda have been filed by both parties.

Plaintiff made application for disability insurance benefits and a period of disability on March 8, 1979, alleging that he became unable to work on October 13, 1978, at age 38. After initial denials of his claims for benefits, Plaintiff was afforded a hearing de novo before an Administrative Law Judge (ALJ) before whom he appeared with counsel.

The sole issue before this Court is whether the Secretary's finding that Plaintiff is not disabled is supported by substantial evidence. If the Secretary's findings are supported by substantial evidence, then this Court is bound to affirm that decision. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Blalock v. Richardson,* 483 F.2d 773 (4th Cir. 1977). In applying this standard on review, it is the Court's duty to closely scrutinize the entire record to determine if substantial evidence for the Secretary's decision is present. *Black v. Cohen,* 413 F.2d 278 (4th Cir. 1969). Moreover, the Secretary must apply correct legal standards in her fact finding, *Knox v. Finch,* 427 F.2d 919 (5th Cir. 1970), and must consider all relevant evidence and must indicate explicitly what weight has been given to each item of evidence. See generally, *Arnold v. Secretary of HEW,* 567 F.2d 258 (4th Cir. 1977).

It is clear that Plaintiff has the burden of proving a disability. *Blalock, supra.* In the present case Plaintiff alleged he was disabled due to an injury he received during his employment as an automatic garage door repairman. Plaintiff was in the process of repairing a garage door when he fell fifteen feet and landed on his neck and shoulder. As a result of his injury Plaintiff's left arm is now completely flail with a negative prognosis of any future function-

ing. Amputation has been recommended and, according to the record, Plaintiff is considering this option. As a result of an automobile accident which occurred in 1969, Plaintiff is blind in the left eye. His visual acuity in his right eye was 20/20 as of October 11, 1979. Plaintiff also alleges that the pain in his flail left arm is disabling.

Plaintiff established a prima facie case of disability by showing that he could not return to his prior employment as a garage door mechanic. A prima facie case is established when it is proven that a claimant is unable to perform his customary occupation due to a medical condition and, consequently, the burden of going forward shifts to the Secretary. *Thorne v. Weinberger*, 530 F.2d 580 (4th Cir. 1976); *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). The Secretary has promulgated new regulations which may be applied to this case. In *Hicks v. Califano*, 600 F.2d 1048, 1050 (4th Cir. 1979), the Court stated:

"The new regulations, 20 C.F.R. §§ 404.-1502 to 1513 and Subpart P, Appendix 2 (1979), were adopted 'to consolidate and elaborate upon long standing medical-vocational evaluation policies for adjudicating disability claims in which an individual's age, education and work experience must be considered in addition to the medical condition.' 43 Fed.Reg. 55,349 (1978). The regulations define each factor to be considered in determining whether disability exists. 20 C.F.R. §§ 404.1505 to 1511. More importantly, they direct a finding of disability or no disability where the findings of fact in a particular case coincide with criteria established in the rules and tables of Subpart P, Appendix 2, 20 C.F.R. § 404.1513."

After making the finding that claimant was unable to perform his past work as a garage door mechanic, the Secretary went on to make the following pertinent findings:

"7. Claimant has the residual functional capacity to perform sedentary work.

8. The claimant is 39 years old, and is therefore, considered to be a younger individual. Regulation 404.1506.

9. Claimant is a high school graduate. Regulation 404.1507.

10. The claimant's work experience is considered to be semi-skilled without transferrable skills. Regulation 404.1511.

11. Considering the claimant's residual functional capacity for sedentary work, his age, education and work experience, in light of the requirements of Rule 201.28, Table No. 1, Appendix 2, Subpart P, Regulations No. 4, the claimant must be found 'not disabled'."

It is Plaintiff's position that these new regulations do not provide substantial evidence upon which the Secretary can rebut a prima facie showing of disability. In this regard the Plaintiff cites *Ray v. Celebrezze*, 340 F.2d 556, 559 (4th Cir. 1965), wherein the Court states:

"[T]he Secretary must take evidence and make specific findings based upon the particular claimant's ability, education, background and experience as to what, if any, kind of work he or she can perform and that employment opportunities of this nature are available. Merely citing catalogs which list capsule descriptions of thousands of jobs available to prospective employees is not sufficient."

See also *Wilson v. Califano*, 617 F.2d 1050 (4th Cir. 1980). *Ray* and *Wilson*, however, were decided prior to the application of the new regulations. In *Eller v. Harris*, 644 F.2d 878 (4th Cir. 1981) the Court approves of the application of the grid rules in 20 C.F.R. Subpart P, Appendix 2, §§ 200, et seq. This is obvious from the dissenting opinion of Judge Winter, who states at page 5 of the opinion:

"While I have no difficulty in accepting the notion that the Secretary may find a disability claimant capable of engaging in some substantial gainful employment on the basis of regulations without the need for testimony from a vocational expert, the evidentiary base for applying the 'sedentary work functional test' was lacking."

Judge Winter also stated on the same page in footnote 1 of his dissenting opinion the following:

"*Wilson v. Califano*, 617 F.2d 1050 (4th Cir. 1980), is not to the contrary. It was decided on matters arising before the Secretary promulgated the so-called 'grid', 20 C.F.R. Subpart P, Appendix 2, §§ 200.00, et seq., taking administrative notice of how many occupations exist in the national economy within a particular individual's work capacity."

It is apparent from the Court's discussion in *Hicks* and *Eller* that the regulations applied by the Secretary in the instant case do not exceed the statutory authority granted by Section 205(g) of the Act. 42 U.S.C. § 405(g). Also the new regulations may be properly applied to cases where multiple impairments are involved. Although the Plaintiff asserts that the tables and regulations fail to accomplish this end, the application of 20 C.F.R. § 404.1505 properly requires the "assessment of residual functional capacity [which] reflects the totality of restrictions resulting from all impairments."

In the present case, there was ample evidence to make each of the findings quoted *supra*. Plaintiff testified that he could handle 20 to 25 pounds with his right hand and move his body, other than his left arm, without restriction. Also, the ALJ in discussing the evidence as to Plaintiff's alleged disabling pain, stated:

"The medical evidence, observation of claimant, and claimant's testimony indicate that any pain claimant experiences has not been totally disabling within the meaning of the law; and the claimant retains the residual functional capacity to engage in a wide variety of sedentary work."

From this analysis the Secretary was able to assess the multiple impairments of Plaintiff and determine the totality of the restrictions as well as Plaintiff's residual functional capacity.

Because the Secretary has made sufficient findings based on substantial evidence in the present case, the Court will grant Defendant's motion and ORDER the Clerk to dismiss this action from the Court's docket.

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to counsel of record.