Russell B. GADD, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Civ. A. No. 80–0068–P(H).

United States District Court,
N. D. West Virginia,
Parkersburg Division.

Sept. 16, 1981.

M. E. Mowery, Parkersburg, W. Va., for plaintiff.

Betsy C. Steinfeld, Asst. U. S. Atty., Wheeling, W. Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

This is an action under Section 205(g) of the Social Security Act (hereinafter Act) 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health and Human Services (hereinafter Secretary) denying Plaintiff's application for disability insurance benefits pursuant to 216(i) and 223 of the Act, 42 U.S.C. §§ 416(i) and 423. The case is presently pending before the Court on Defendant's motion for summary judgment. Memoranda have been filed by both parties.

Plaintiff made application for disability insurance benefits and a period of disability on October 29, 1979, alleging that he became unable to work on June 28, 1979, at age 52. After initial denials of his claims for benefits, Plaintiff was afforded a hearing de novo before an Administrative Law Judge (ALJ) before whom he appeared with a representative.

The sole issue before this Court is whether the Secretary's finding that Plaintiff is not disabled is supported by substantial evidence. If the Secretary's findings are supported by substantial evidence, then this Court is bound to affirm that decision. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Blalock v. Richardson,* 483 F.2d 773 (4th Cir. 1977). In applying this standard on review, it is the Court's duty to closely scrutinize the entire record to determine if substantial evidence for the Secretary's decision is present. *Flack v. Cohen,* 413 F.2d 278 (4th Cir. 1969). Moreover, the Secretary must apply correct legal standards in her fact finding. *Knox v. Finch,* 427 F.2d 919 (5th Cir. 1970) and must consider all relevant evidence and must indicate explicitly what weight has been given to each item of evidence. See generally, *Arnold v. Secretary of HEW,* 567 F.2d 258 (4th Cir. 1977).

In the present case Plaintiff claims that he became disabled after he went on vacation from his employment on June 28, 1979. He entered the hospital on July 13, 1979, and was discharged on August 12, 1979. His final diagnosis was herniated nucleus pulposus of the lumbar five-sacral one on the left side. Also, lumbar laminectomy wound hematoma secondary to anti-coagulants. At the hearing Plaintiff complained that his chief restrictions of physical activity were caused by back pain and shortness of breath. He also complained that his blood thinning medication (anti-coagulant) caused him much discomfort and insomnia. Plaintiff also complained of other ailments.

The ALJ in considering the evidence concluded that Plaintiff's impairments precluded the performance of his past relevant work activity. Plaintiff thus presented a strong enough showing of the evidence to shift the burden of going forward to the Secretary. *Thorne v. Weinberger,* 530 F.2d 580 (4th Cir. 1976); *Taylor v. Weinberger,* 512 F.2d 664 (4th Cir. 1975).

Once a prima facie case has been made by the Plaintiff the Secretary must assume the burden of determining by substantial evidence that there are alternative jobs that are within the capacity of the plaintiff/claimant to perform, and that these jobs exist in the national economy. See *McLamore v. Weinberger,* 538 F.2d 752, 754 (4th Cir. 1976). Before the promulga-

tion of the so-called "grid", 20 C.F.R. Subpart P, Appendix 2, Sections 200, *et seq.* (grid), the Secretary relied upon evidence of a vocational expert to determine whether a plaintiff/claimant could engage in substantial gainful activity. *Wilson v. Califano,* 617 F.2d 1050 (4th Cir. 1980). In *Hicks v. Califano,* 600 F.2d 1048, 1050 (4th Cir. 1979), the Court stated:

> "The new regulations, 20 C.F.R. §§ 405.-1502 to 1513 and Subpart P, Appendix 2 (1979), were adopted 'to consolidate and elaborate upon long standing medical-vocational evaluation policies for adjudicating disability claims in which an individual's age, education and work experience must be considered in addition to the medical condition.' 43 Fed.Reg. 55349 (1978). The new regulations define each factor to be considered in determining whether disability exists. 20 C.F.R. §§ 404.1505 to 1511. More importantly, they direct a finding of disability or no disability where the findings of fact in a particular case coincide with criteria established in the rules and tables of Subpart P, Appendix 2, 20 C.F.R. § 404.1513."

In the instant case Plaintiff attacks the use of the grid to find that Plaintiff was not disabled. Also, the Plaintiff contends that the Administrative Law Judge could not establish that the Plaintiff had sufficient residual capacities to engage in a specific job without having the testimony of an independent vocational expert. In support of this proposition Plaintiff cites *Santise v. Harris,* 501 F.Supp. 274 (D.N.J.1980).* This Court has earlier addressed this point in *Sloan v. Secretary of Health and Human Services,* 512 F.Supp. 1296 (N.D.W.Va.1981), and has determined that a proper application of the grid may result in this Court's granting of Defendant's motion for summary judgment. See also, *Hicks, supra; Parker v. Harris,* 626 F.2d 225, 234 (2nd Cir. 1980); *Warncke v. Harris,* 619 F.2d 412, 417

(5th Cir. 1980); *Simonsen v. Secretary of Health and Human Services,* 512 F.Supp. 1064 (S.D.Cal.1981); *Maurer v. Harris,* 502 F.Supp. 320 (D.Or.1980); *Stallings v. Harris,* 493 F.Supp. 956, 957 (W.D.Tenn.1980); *Boyce v. Harris,* 492 F.Supp. 751–52 (D.S.C. 1980); *Crowe v. Harris,* 489 F.Supp. 683 (E.D.Tenn.1980); *Phillips v. Harris,* 488 F.Supp. 1161, 1165–68 (W.D.Va.1980); *Halsted v. Harris,* 489 F.Supp. 521, 525 (E.D.Mo.1980); and *Fains v. Harris,* 481 F.Supp. 30, 32 (D.Md.1979). This Court will grant Defendant's motion where the Secretary has applied the proper grid and where each element of consideration in the grid has been supported by substantial evidence.

In the present case the Secretary applied Section 202.15 of the grid. Sections 202.01 to 202.22 of the grid apply to a claimant whose residual functional capacity is limited to light work as a result of a severe medically determined impairment. The application of this table (Table No. 2) of the grid was predicated on the presumption by the ALJ that the Plaintiff could perform light work.

The Court finds this presumption to be erroneous for at least two reasons. First, the ALJ made no finding as to Plaintiff's very strong evidence concerning pain. Although in some cases this Court may infer such a finding from the ALJ's discussion, where there is a great deal of testimony as to pain and such evidence is corroborated by the taking of pain medication and medical reports, the Court will not draw inferences from a mere passing reference to Plaintiff's pain. *Thorne, supra.* Second, as Plaintiff notes in his memorandum, the reliance by the ALJ on certain evidence in a medical report of Dr. Gary Miller is ill founded. Dr. Miller was only conjecturing that the Plaintiff might return to a limited type of activity with an ability to lift not more than twenty to thirty pounds, etc. This portion of the medical report cannot be

---

* The Court in *Santise*, in reversing the ALJ, stated as follows:

> "To put it simply, HEW's reliance on a grid, drawn in advance to cover a wide variety of individual cases, does not satisfy its obligation of basing its conclusion on substantial evidence. An abstract chart in a reference book, keyed to only four factors, does not provide the claimant with the individualized consideration of the facts of his or her own particular case that he or she is entitled to under the Act. Nor can a chart be cross examined, nor can the claimant do anything to rebut it."

relied upon as substantial evidence. Also, the ALJ's reliance upon a report by the Veteran's Administration physician that Plaintiff could perform light work is ill founded. There is no support in these medical reports that Plaintiff can perform light work as defined in 20 C.F.R. § 404.-1510(c).

Plaintiff contends that he has made a sufficient showing under 20 C.F.R. Subpart P, Appendix 1, Section 1.05(C) to be determined disabled on the basis of medical considerations alone pursuant to Section 404.-1502(a). After a thorough review of the record, this Court finds that Plaintiff did not sufficiently prove this contention to be awarded benefits in this proceeding. The Secretary should, however, address this contention on remand.

This Court is impressed with Plaintiff's attack upon the ALJ's limited discussion concerning whether the Plaintiff possessed transferable skills. Because this Court must remand this case to the Secretary for further action, it need not address that issue at this time. Accordingly, this Court denies the Defendant's motion for summary judgment and remands the case to the Secretary. Upon remand, the Secretary should invite any new evidence which will help in his proper determination of the claim.