Glen L. SIBURT, Plaintiff,

v.

The SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Civ. A. No. 81–0016–W(H).

United States District Court,
N. D. West Virginia,
Wheeling Division.

Nov. 24, 1981.

---

**1088**

Bert Michael Whorton, Madden, Hughes & Whorton, Moundsville, W. Va., for plaintiff.

Betsy Steinfeld, U. S. Attorney's Office, Wheeling, W. Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

This is an action under Section 205(g) of the Social Security Act (hereinafter Act) 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health and Human Services (hereinafter Secretary) denying Plaintiff's application for disability insurance benefits pursuant to 216(i) and 223 of the Act, 42 U.S.C. §§ 416(i) and 423. The case is presently pending before the Court on cross motions for summary judgment. Memoranda have been filed by both parties.

Plaintiff made application for disability insurance benefits and a period of disability on October 31, 1979, alleging that he became unable to work on February 9, 1979, at age 48. After initial denials of his claims for benefits, Plaintiff was afforded a hearing de novo before an Administrative Law Judge (ALJ) before whom he appeared with counsel.

The sole issue before this Court is whether the Secretary's finding that Plaintiff is not disabled is supported by substantial evidence. If the Secretary's findings are supported by substantial evidence, then this Court is bound to affirm that decision. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Blalock v. Richardson*, 483 F.2d 773 (4th Cir. 1977). In applying this standard on review, it is the Court's duty to closely scrutinize the entire record to determine if substantial evidence for the Secretary's decision is present. *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969). Moreover, the Secretary must apply correct legal standards in his fact finding. *Knox v. Finch*, 427 F.2d 919 (5th Cir. 1970) and must consider all relevant evidence and must indicate explicitly what weight has been given to each item of evidence. *See generally Arnold v. Secretary of HEW*, 567 F.2d 258 (4th Cir. 1977).

In the present action Plaintiff claims to be disabled due to severe respiratory ailments including coughing and shortness of breath. Plaintiff alleged that this condition had worsened over the years. His working environment had been extremely dusty and smoky which forced Plaintiff to leave.

The ALJ in considering the evidence concluded that Plaintiff's impairments precluded the performance of his past relevant work activity. Plaintiff thus presented a strong enough showing of the evidence to shift the burden of going forward to the Secretary. *Thorne v. Weinberger,* 530 F.2d 580 (4th Cir. 1976); *Taylor v. Weinberger,* 512 F.2d 664 (4th Cir. 1975).

Once a prima facie case has been made by the Plaintiff the Secretary must assume the burden of determining by substantial evidence that there are alternative jobs that are within the capacity of the plaintiff/claimant to perform, and that these jobs exist in the national economy. *See McLamore v. Weinberger,* 538 F.2d 752, 754 (4th Cir. 1976). Before the promulgation of the so-called "grid," 20 C.F.R. Subpart P, Appendix 2, Section 200, *et seq.* (grid), the Secretary relied upon evidence of a vocational expert to determine whether a plaintiff/claimant could engage in substantial gainful activity. *Wilson v. Califano,* 617 F.2d 1050 (4th Cir. 1980). In *Hicks v. Califano,* 600 F.2d 1048, 1050 (4th Cir. 1979), the Court stated:

> The new regulations, 20 C.F.R. §§ 405.-1502 to 1513 and Subpart P, Appendix 2 (1979), were adopted 'to consolidate and elaborate upon long standing medical-vocational evaluation policies for adjudicating disability claims in which an individual's age, education and work experience must be considered in addition to the medical condition.' 43 Fed.Reg. 55349 (1978). The new regulations define each factor to be considered in determining whether disability exists. 20 C.F.R. §§ 404.1505 to 1511. More importantly, they direct a finding of disability or no disability where the findings of fact in a particular case coincide with criteria established in the rules and tables of Subpart P, Appendix 2, 20 C.F.R. § 404.1513.

In the instant case Plaintiff attacks the use of the grid to find that Plaintiff was not disabled. Also, the Plaintiff contends that the Administrative Law Judge could not establish that the Plaintiff had sufficient residual capacities to engage in a specific job without having the testimony of an independent vocational expert. In support of this proposition Plaintiff cites *Santise v. Harris,* 501 F.Supp. 274 (D.N.J.1980).[1] This Court has earlier addressed this point in *Sloan v. Secretary of Health and Human Services,* 512 F.Supp. 1296 (N.D.W.Va.1981), and has determined that a proper application of the grid may result in this Court's granting of Defendant's motion for summary judgment. *See also Hicks, supra; Parker v. Harris,* 626 F.2d 225, 234 (2nd Cir. 1980); *Warncke v. Harris,* 619 F.2d 412, 417 (5th Cir. 1980); *Simonsen v. Secretary of Health and Human Services,* 512 F.Supp. 1064 (S.D.Cal.1981); *Maurer v. Harris,* 502 F.Supp. 320 (D.Or.1980); *Stallings v. Harris,* 493 F.Supp. 956, 957–61 (W.D.Tenn. 1980); *Boyce v. Harris,* 492 F.Supp. 751–52 (D.S.C.1980); *Crowe v. Harris,* 489 F.Supp. 683 (E.D.Tenn.1980); *Phillips v. Harris,* 488 F.Supp. 1161, 1165–68 (W.D.Va.1980); *Halsted v. Harris,* 489 F.Supp. 521, 525 (E.D.Mo.1980); and *Fains v. Harris,* 481 F.Supp. 30, 32 (D.Md.1979). This Court will grant Defendant's motion where the Secretary has applied the proper grid and where each element of consideration in the grid has been supported by substantial evidence.

In the present case the Secretary applied Section 202.18 of the grid. Application of this portion of the grid presupposes the following findings: (1) That Plaintiff is capable of performing light work. (2) That Plaintiff is a younger individual. (3) That Plaintiff's education is limited or less. (4) That Plaintiff is skilled or semiskilled with skills not transferable.

---

1. The Court in *Santise,* in reversing the Secretary, stated as follows:

    To put it simply, HEW's reliance on a grid, drawn in advance to cover a wide variety of individual cases, does not satisfy its obligation of basing its conclusion on substantial evidence. An abstract chart in a reference book, keyed to only four factors, does not provide the claimant with the individualized consideration of the facts of his or her own particular case that he or she is entitled to under the Act. Nor can a chart be cross examined, nor can the claimant do anything to rebut it.

■ This Court after thoroughly reviewing the record in the present case finds that there were inadequate findings concerning Plaintiff's ability to perform light work and concerning whether Plaintiff's education may be considered as limited or less. The Court discusses these matters in their respective order.

The decision of the ALJ relied upon by the Secretary provides the following analysis concerning the extent of Plaintiff's respiratory problems:

Consideration is first directed to the claimant's allegations regarding the manifestations of his respiratory impairment. While the claimant has testified as to the existence of severe shortness of breath on mild exertion, the claimant's demeanor at the time of hearing was such that his testimony as to the severity and duration of his respiratory difficulties is found to be not credible.

Diagnoses of asthmatic bronchitis, emphysema and chronic obstructive lung disease are established. Episodes of bronchial spasms were noted with the claimant requiring hospitalization on several occasions. Chest x-rays disclosed no evidence of any active lung disease. Pulmonary function studies performed during an acute episode did disclose an $FEV_1$ of 1.2 and an MVV of 67. However, pulmonary function studies performed in June of 1980 were found to be essentially normal with an $FEV_1$ of 3.8 and an MVV of 115 recorded.

The nature of the claimant's respiratory impairment is such as to preclude him from returning to his prior work activity as well as any other occupation involving exposure to dust and or fumes. A preponderance of the evidence does, however, indicate that the claimant does have the residual functional capacity to engage in light work activity consistent with the aforementioned limitation. [ALJ's Decision, page 5.]

This analysis completely ignores several very important items of evidence. First, Plaintiff's personal physician states in a report to the Secretary as follows:

Since our previous contact, Mr. Siburt has been hospitalized on two occasions—April 27 thru May 1, 1980 and May 5 thru May 11, 1980. Diagnosis: Severe bronchitis and emphysema necessitating hospitalization. He is markedly short of breath when he is stable.

I feel this is a permanent disability. Any gainful employment is not possible. [Transcript, at page 140.]

Additionally, Dr. Martin Reiter describes Plaintiff's condition to be severe and gauges impairment at 50 per cent. Dr. George Easley, a consultant for the Secretary, also noted that Plaintiff's condition was severe but opines that Plaintiff can perform light work so long as there is no exposure to extreme cold and temperature changes, and no exposure to fumes, odors, dust, toxic conditions or poor ventilation. It is not explained how this unanimous medical testimony concerning the severity of Plaintiff's condition either supports or detracts from Plaintiff's credibility.[2]

■ It is clear that all relevant evidence must be considered and each relevant item of evidence given its proper weight. *Arnold, supra.* It is also clear that evidence submitted by a personal physician is entitled to greater weight than consulting physician who has seen a claimant on only one occasion. As stated by the Court in *Hunley v. Califano*, 465 F.Supp. 65, 70 (E.D.Va. 1979):

Did he blow up balloons throughout the hearing without effort? *The answers are unknown* since the Administrative Law Judge *never* explained in his decision the exact aspect of the plaintiff's demeanor at the hearing which led him to disbelieve his testimony. How can his findings be reviewed for their sufficiency?—They cannot. Plaintiff's Memorandum at page 8. (Emphasis in original.)

2. Plaintiff's brief points out the shortcoming of the ALJ's decision in the following fashion:

What aspects of the plaintiff's demeanor while sitting in a hearing room, testifying, could *possibly* lead the trier to ignore his testimony concerning the effects of these ravaging medical problems upon his body? Did he talk without effort? Did he walk or jog around the hearing room while testifying?

Once it is determined that an impairment exists, the opinions of the treating physicians are entitled to substantially greater weight than the impressions of a doctor who sees the claimant only once.

*See also Nanny v. Mathews,* 423 F.Supp. 548, 551 (E.D.Va.1976), *Oppenheim v. Finch,* 495 F.2d 396, 398 (4th Cir. 1974), and *Vitek v. Finch,* 438 F.2d 1157, 1160 (4th Cir. 1971).

The ALJ's decision also erroneously concludes that Plaintiff's educational level is limited or less. A lesser degree of educational level is provided for at 20 C.F.R. § 404.1507(b) which states:

(b) *Illiteracy.* Illiteracy refers to the inability to read or write. An individual who is able to sign his or her name, but cannot read or write a simple communication (e. g., instructions, inventory lists), is considered illiterate. Generally, an illiterate individual has had little or no formal schooling.

The undisputed testimony of Plaintiff's wife at the hearing revealed that Plaintiff was incapable of reading and writing.

On remand the Secretary should make appropriate findings consistent with the Memorandum Opinion and Order, consider Plaintiff's testimony concerning pain and make a specific finding with regard to pain. Also, the Secretary must rely on expert testimony to determine if the environmental restrictions preclude Plaintiff from employment. The grid only addresses functional limitations and does not address the availability of employment where there is evidence of additional environmental restrictions.

Accordingly, Plaintiff's motion is GRANTED. Defendant's motion is denied, and the case is remanded to the Secretary for reconsideration.